## Case No. 16,375.

### UNITED STATES v. STANGE.

[6 Int. Rev. Rec. 5.]

Circuit Court, E. D. New York. 1867.

VIOLATION OF INTERNAL REVENUE LAWS—LOTTERY TICKET DEALERS—SPECIAL TAX.

[Defendant gave to customers, on payment of a small sum, combinations of numbers, specifying them as being in the Delaware or Kentucky lotteries. He then entered the numbers in his policy book, and, if they came out in the drawings, paid to the customer the required amount of money. He gave no certificate or ticket to the customer, and the latter kept the numbers in any way he chose. *Held*, that defendant was a policy dealer, within the meaning of the statute, and was subject to indictment for not paying the special tax.]

The defendant in this case was indicted for carrying on the business of dealing in lottery tickets without paying the special tax provided by law.

There was no question that he had not paid the special tax required by the internal revenue law [14 Stat. 116]. The question was whether he was a lottery ticket dealer within the words of that section of the law which provides that "every person, association, firm, or corporation who shall make, sell, or offer to sell lottery tickets, or fractional parts thereof, or any token, certificate, or device, representing or intending to represent a lottery ticket or any fractional part thereof, or any policy of numbers in any lottery * * * shall be deemed a lottery ticket dealer."

It appeared that the defendant kept a tobacco store on Pacific street, and that he also "sold policies," as it is called. A customer would come to him, and, paying him a small sum, would give him a combination of numbers specifying them as being in the Delaware or Kentucky lotteries. The defendant would enter them in his policy book, and, if they came out in the drawing of the lottery, he would pay various sums, according to the way they came out; but he gave the customer no certificate or ticket of any kind. He kept the numbers in his policy book and the customer kept them as he pleased. The question was whether this was making or selling any "policy of numbers."

The judge charged the jury that, for the purposes of this trial, he should hold that it was, that if they had found that he had so sold policies of numbers, they must find him guilty.

The jury accordingly found him guilty.

His counsel made a motion for a new trial, on which the question of this construction of the law is to be more fully discussed.

Mr. Tracy, U. S. Dist. Atty.

Mr. Whiting, for defendant.